FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YANFU WEI,<br><br>              Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>              Respondent. | No. 13-72607<br><br>Agency No. A099-068-085<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:      CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Yanfu Wei, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum.  We have jurisdiction under 8 U.S.C.

§ 1252.  We review for substantial evidence the agency's factual findings, applying

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on omissions in Wei's application and testimony, and based on lack of detail, internal inconsistencies, and implausibilities in Wei's testimony. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Don v. Gonzales*, 476 F.3d 738, 743 (9th Cir. 2007) (implausible aspects of petitioner's account supported adverse credibility finding); *Kin v. Holder*, 595 F.3d 1050, 1056-57 (9th Cir. 2010) (omission and insufficient explanation for omission supported adverse credibility finding). Wei's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). The record does not support Wei's contention that the agency disregarded corroborative evidence, and we reject Wei's contention that his documentary evidence overcomes the agency's adverse credibility finding. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (documents not sufficient to rehabilitate testimony). In the absence of credible testimony, Wei's asylum claim fails.

**PETITION FOR REVIEW DENIED.**

13-72607